# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FRANK R. MORRELL,

    Petitioner,

vs.                                                           No. CV 18-0800 RB/KRS

WARDEN R. MARTINEZ (OCPF) and
DEPARTMENT OF CORRECTIONS and
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* on the pro se Petition for Writ of Habeas Corpus. (Doc. 1.) The Court dismisses this case without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with a Court Order and failure to prosecute.

Petitioner Morrell filed his Petition for Writ of Habeas Corpus (Doc. 1) and Eligibility Determination for Indigent Defense Services (Doc. 2) on New Mexico state court forms on August 17, 2018. The Court determined that the pro se Petition and Eligibility Determination are deficient, because the pro se Petition is not in proper form, Petitioner has not paid the $400 filing fee, and Petitioner has not filed a proper federal Application to Proceed in the District Court Without Prepaying Fees and Costs.

On August 23, 2018, the Court entered an Order to Cure Deficiencies advising Petitioner that if he is seeking to proceed in federal court, then he must submit a proper federal Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and a federal Application to Proceed in District Court Without Prepayment of Fees or Costs under 28 U.S.C. § 1915. (Doc. 3.) If, instead, Petitioner intended to proceed in a New Mexico state court, then the Court ordered that he withdraw his

Petition in this Court and submit his filings to the appropriate New Mexico state court. (*Id.*) The Court granted Petitioner 30 days to cure these deficiencies by either submitting the proper federal court forms or withdrawing his Petition. The Court also provided Petitioner with the appropriate federal forms and advised Petitioner that if he failed to cure the deficiencies within 30 days, the Court may dismiss this proceeding without further notice. (*Id.* at 2.) More than 30 days have elapsed since entry of the Court's Order to Cure Deficiencies and Petitioner has not cured the deficiencies, withdrawn his filing, or otherwise responded to the Court's Order.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules, and to submit filings in proper form when requested by the Court. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). Petitioner Morrell has failed to comply with the Court's August 23, 2018 Order to submit his filings in proper form or withdraw them.

Petitioner Morrell has failed to comply with the Court's order and failed to prosecute this action. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED:**

(1) the Eligibility Determination for Indigent Defense Services (Doc. 2) is DENIED as moot; and

(2) the pro se Petition for Writ of Habeas Corpus filed by Petitioner Frank R. Morrell (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE